IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICHOLAS PAZ                           :       CIVIL ACTION
                                       :
   v.                                  :       NO. 13-997
                                       :
COMMONWEALTH                           :
OF PENNSYLVANIA, et al.                :

ORDER

AND NOW, this 27th day of February, 2014, upon consideration of petitioner Paz's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), our May 9, 2013 Order referring this matter to the Honorable Linda K. Caracappa for a report and recommendation (docket entry # 4) pursuant to Local Rule 72.1 and 28 U.S.C. §636(b)(1)(B), respondents' response (docket entry # 13), petitioner's reply (docket entry # 14), Judge Caracappa's January 30, 2013 report and recommendation ("R&R") (docket entry # 16), to which petitioner stated he would object (docket entry #17) but ultimately did not file timely objections despite our extension of time to answer (docket entry # 18), and petitioner's outstanding motion for summary judgment (docket entry # 10) and the Court finding that:

(a)     On November 19, 2004, following a jury trial before the Honorable Renee Cardwell Hughes of the Philadelphia County Court of Common Pleas, petitioner was convicted of robbing a restaurant, the first-degree murder of a co-conspirator, and criminal conspiracy, R&R at 1;

(b)     When the jury was unable to reach a unanimous verdict after a penalty hearing, Judge Hughes sentenced Paz to a mandatory minimum sentence of life imprisonment for the first-degree murder conviction, and consecutive terms of ten to twenty years for the remaining convictions, id.

  (c) Paz now petitions for a writ of habeas corpus, raising four claims:

(1) Whether equitable tolling is properly applicable when he was not supplied with necessary materials to petition the state court;
(2) Whether appellate counsel failed to raise petitioner's unconstitutional constructive denial of counsel at trial;
(3) Whether trial and appellate counsel were ineffective for failing to object to an unconstitutional amendment of the indictment;
(4) Whether counsel was ineffective for failing to object to petitioner being tried and convicted for offenses distinct from those to which he pled not guilty; and
(5) Whether counsel was ineffective for failing to object to violation of Interstate Agreements on Detainers Act[,]

R&R at 3;

  (d) Respondents contend Paz's petition should be dismissed as untimely and, after independent review, Judge Caracappa agreed that Paz's claims for relief in federal court are foreclosed by the dismissal of his state-court claims as time-barred, id.;

  (e) Paz stated that he intended to contest Judge Caracappa's report and recommendation but did not file timely objections, docket entry # 17;

  (f) We are required only to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" petitioner objects, see 28 U.S.C. § 636, and we will therefore approve and adopt the R&R;

  (g) Finally, Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . . . is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

  (h) Such a certificate should issue only if the petitioner demonstrates that

"reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000), and because Paz's claims was dismissed on procedural grounds, he bears the additional burden of showing that reasonable jurists would also debate whether the procedural ruling was correct, id.; and

(i) We do not believe that reasonable jurists could debate the conclusion that Jones's petition neither states a valid claim for the denial of a constitutional right nor can overcome his procedural default, and so we decline to issue a certificate of appealability;

It is hereby ORDERED that:

1. The report and recommendation is APPROVED and ADOPTED;

2. Paz's petition for a writ of habeas corpus is DENIED;

3. Paz's motion for summary judgment is DENIED;

4. For the reasons stated above, we DECLINE to issue a certificate of appealability; and

5. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:


/s/ Stewart Dalzell, J.